# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBORAH DAILEY** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | NO. 16-1331 |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

## ORDER-MEMORANDUM

**AND NOW**, this 27th day of October 2017, upon considering Plaintiff's Motion to lift this case from the suspense docket (ECF Doc. No. 50), Defendants' Response (ECF Doc. No. 51), and finding a question of state law presently pursued by Plaintiff in the Pennsylvania appellate courts includes whether the municipal ordinance applies to the Plaintiff in the first instance and deferring to the right of the Pennsylvania appellate courts to specifically address Plaintiff's first argument concerning the applicability of the ordinances to her conduct as an employee of the First Judicial District, it is **ORDERED** Plaintiff's Motion (ECF Doc. No. 50) is **DENIED** as we must continue to abstain and defer ruling upon the constitutionality of an ordinance which, to date, remains challenged as to its applicability to the Plaintiff and we do not have guidance from the Pennsylvania courts as yet.

We **amend** our June 14, 2016 Order (ECF Doc. No. 29) at paragraph 2 to require Plaintiff to file joint status reports every sixty (60) days beginning on December 1, 2017. All other aspects of our June 14, 2016 Order remain in effect.

*Analysis*

In February 2016, the City of Philadelphia Board of Pensions and Retirement (the "Board") disqualified Deborah Dailey from receiving her pension after she pleaded guilty to theft of movable property by unlawful taking while employed by the First Judicial District of Pennsylvania. The Board applied sections 22-1302(1)(a)(.4) and (.5) of the City of Philadelphia

Retirement Code (the "Retirement Code") disqualifying pension eligibility for any employee who "pleads or is finally found guilty of" . . . : "(.4) Theft, embezzlement, willful misapplication, or other illegal taking of funds or property of the City, or those of any official agency of the City, or agency, engaged in performing a governmental function for the City or the Commonwealth;" or "(.5) "Malfeasance in office or employment." Our still unresolved issue is whether taking funds from the First Judicial District is addressed by the Retirement Code.

Ms. Dailey filed an action in the Philadelphia County Court of Common Pleas ("state action") appealing the Board's decision. In the state action, Ms. Dailey challenged the Board's application of sections 22-1302(1)(a)(.4) and (.5) of the Retirement Code to disqualify her from pension benefits arguing, *inter alia*, subsection (.4) does not apply to her as an employee of the First Judicial District.

A day before filing her state action, Ms. Dailey brought this case under 42 U.S.C. §1983 claiming the Retirement Code subsections (.4) and (.5) violate the Fifth, Eighth, and Fourteenth Amendments as applied to her. Ms. Dailey filed an amended complaint and simultaneously filed a motion for summary judgment on her constitutional claims. Defendants City of Philadelphia, the Board, and Board members (collectively the "City") moved to dismiss.

After oral argument on the parties' motions, we stayed this case based on *Pullman* abstention.[1] We applied the test in this Circuit to determine the application of *Pullman* abstention where we are presented with "both a federal constitutional issue and an unsettled issue of state law whose resolution might narrow or eliminate the federal constitutional question . . . ."[2] We found uncertain issues of state law underlie Ms. Dailey's constitutional challenges to subsections (.4) and (.5) of the Retirement Code; state law issues amenable to state court interpretation would

---

[1] *R.R. Comm'n of Texas v. Pullman Co.*, 312 U.S. 496 (1941).

[2] ECF Doc. No. 29 at 3.

2

obviate our need to decide the federal constitutional issues; and our possible erroneous construction of the Retirement Code would disrupt important state policies.[3] We stayed this action and placed it on our civil suspense docket.[4]

Ms. Dailey's state action proceeded in the Philadelphia Court of Common Pleas. After oral argument, the Honorable Abbe F. Fletman entered an order denying Ms. Dailey's appeal and affirming the Board's decision. Ms. Dailey filed a timely Notice of Appeal with the Commonwealth Court from Judge Fletman's order. Ms. Dailey's appeal to the Commonwealth Court remains pending. Judge Fletman issued her opinion in support of her order on August 18, 2017.

After a status call with counsel, we granted Ms. Dailey leave to file a motion to remove this case from the suspense docket.[5] Ms. Dailey argues *Pullman* abstention no longer applies because Judge Fletman's opinion interpreted the challenged Retirement Code sections and resolved the unsettled question of state law. Even if grounds for *Pullman* abstention continue to exist, Ms. Dailey argues equitable considerations (*i.e.* delay) weigh in favor of reinstating her case to the active docket and proceeding on the constitutional issues before we understand whether the ordinance applies to her. Ms. Dailey additionally argues she made an *England* reservation[6] in the state action reserving her federal constitutional claims in this Court and is entitled to prosecute her § 1983 claims here regardless of the outcome of her appeal to the Commonwealth Court. Ms. Dailey contends we need not be concerned about interference with

---

[3] *Id.* at 4-6.

[4] *Id.*

[5] ECF Doc. No. 46. Ms. Dailey filed her motion (ECF Doc. No. 51) and the City filed its response (ECF Doc. No. 52).

[6] So named after the Supreme Court's decision in *England v. Louisiana State Bd. of Med. Exam'r*, 375 U.S. 411 (1964).

state law issues central to our decision to abstain because if we dispose of her federal constitutional claims before the Commonwealth Court rules, she will simply withdraw her state appeal.

The City disagrees, arguing *Pullman* abstention still applies as long as Ms. Dailey's appeal is pending in the state courts. The City argues the Commonwealth Court will consider on appeal Ms. Dailey's challenges to the Retirement Code which could result in reversal of the trial court; affirmance of the trial court; or clarification of state law issues Judge Fletman did not address and which would inform our decision in later proceedings. Any decision we make while the case is pending in Pennsylvania's appellate courts would create the kind of confusion abstention is meant to avoid. For these reasons, the City urges us to keep this matter in suspense until the state court appeal concludes.

### A. The trial court's opinion does not address the applicability of the Retirement Code to Ms. Dailey as an employee of the First Judicial District.

Ms. Dailey made four arguments in the state action: (1) the Board erred as a matter of law when it applied the Retirement Code to disqualify her from pension eligibility; (2) the Board's action violates Pennsylvania's Public Employee Pension Forfeiture Act; (3) the Board's application of Retirement Code violated the Pennsylvania Constitution, including void for vagueness and deprivation of property without due process arguments; and (4) the Board's application of the Retirement Code to disqualify from her pension violated the excessive fines clause of the Pennsylvania Constitution.

Ms. Dailey's lead argument in the state action is the Retirement Code subsections (.4) and (.5) do not apply to her and are unconstitutionally vague. Ms. Dailey asserts subsection (.4) does not apply to her because she is an employee of the First Judicial District and not an employee of "the City, or those of any official agency of the City, or agency, engaged in

4

performing any governmental function for the City or the Commonwealth" to which subsection (.4) applies. She argues to the extent subsection (.4) applies to her, it is unconstitutionally vague because its language does not provide notice a guilty plea to theft from the First Judicial District fits within the subsection's provisions for disqualification. Ms. Dailey similarly argues the word "malfeasance" in subsection (.5) is unconstitutionally vague and she had no fair warning pleading guilty to theft would constitute "malfeasance" disqualifying her pension.

Judge Fletman's opinion does not address the applicability of the Retirement Code to Ms. Dailey or the Pennsylvania constitutional arguments. Instead, Judge Fletman found the Retirement Code imposes a series of requirements and obligations upon employees to meet pension eligibility, including subsection (.4). Judge Fletman concluded Ms. Dailey's constitutional rights "were not violated as the Board acted pursuant to a mandatory provision of the Code . . .." Judge Fletman did not address disqualification under subsection (.5).

Ms. Dailey asserts after Judge Fletman's decision there is no longer an unsettled question of state law for *Pullman* abstention and her opinion is a "state court interpretation of (.4) and (.5) of the Retirement Code as specifically applied" to Ms. Dailey. We disagree. Judge Fletman's opinion does not address whether subsections (.4) and (.5) of the Retirement Code apply to Ms. Dailey as an employee of the First Judicial District, a question apparently unresolved by a Pennsylvania state court. Ms. Dailey's constitutional challenges to subsections (.4) and (.5) of the Retirement Code remain unsettled, the first circumstance required for *Pullman* abstention.[7]

---

[7] In this Circuit, *Pullman* abstention "requires the following special circumstances: (1) uncertain issues of state law underlying the federal constitutional claim; (2) state law issues subject to state court interpretation that could obviate the need to adjudicate or substantially narrow the scope of the federal constitutional claim; and (3) an erroneous construction of state law by the federal court would disrupt important state policies." *Presbytery of New Jersey of the Orthodox Presbyterian Church v. Whitman*, 99 F.3d 101, 106 (3d Cir. 1996) (citing *Chez Sez III Corp. v. Twp. of Union*, 945 F.2d 628, 631 (3d Cir. 1991)).

### B. Ms. Dailey is specifically appealing the presumed finding of the applicability of the Retirement Code to her as an employee of the First Judicial District which remains a threshold issue for our constitutional determination.

The Retirement Code is ambiguous as to its applicability to Ms. Dailey. Ms. Dailey intends to raise the same arguments on appeal to the Commonwealth Court as she did in the trial court. It is for the Commonwealth Court to resolve questions of the Retirement Code's applicability to Ms. Dailey and constitutional validity.

The United States Court of Appeals for the Fourth Circuit addressed a similar circumstance where plaintiffs challenged a county ordinance under the First, Fourth, Fifth, Ninth, and Fourteenth Amendments of the Constitution.[8] The district court invoked *Pullman* and abstained from resolving the federal constitutional claims pending state court resolution of the state statutory and constitutional issues.[9] Plaintiffs then brought suit in a state trial court seeking a state interpretation of the ordinance alleging the County Board, in enacting the challenged ordinance, exceeded its authority under Virginia law but did not make state constitutional challenges to the ordinance.[10] The state trial court held the challenged ordinance applied to plaintiffs. Plaintiffs failed to timely appeal in the state courts, and then returned to the district court moving to lift the stay. The district court denied the motion, finding plaintiffs failed to pursue state constitutional claims in the state appellate court, leaving the state law questions unresolved.

Plaintiffs appealed the district court's decision. The court of appeals found "state law challenges to the ordinance, both facially and as applied, might have resolved or at least have

---

[8] *Nat'l Capital Naturists, Inc. v. Bd. of Supervisors of Accomack Cnty., Va.*, 878 F.2d 128, 130-131 (4th Cir. 1989).

[9] *Id.*

[10] *Id.*

narrowed the federal constitutional questions" and, under the circumstances of the case, "the Virginia Supreme Court should have been provided an opportunity to pass on the issues. Simply put, 'these enactments should [have been] . . . exposed to state construction or limiting interpretation before the federal courts are asked to decide upon their constitutionality, so that federal judgment will be based on something that is a complete product of the State, the enactment as phrased by its legislature and as construed by its highest court.'"[11]

We similarly find the Commonwealth Court should consider and resolve the state constitutional issue raised by Ms. Dailey, including whether the challenged sections of the Retirement Code apply to her as an employee of the First Judicial District. The Commonwealth Court's interpretation of the Retirement Code as applied to Ms. Dailey could obviate the need to adjudicate or substantially narrow the scope of her federal constitutional claims, the second factor required for *Pullman* abstention.

### C. We continue to abstain in the hope the Pennsylvania courts will address whether the Retirement Code eligibility applies to Ms. Dailey.

In her state action before Judge Fletman, Ms. Dailey argued subsection (.4) only applies to her if she pleaded guilty to theft of funds from (1) "the City"; (2) "any official agency of the City"; or (3) "agency, engaged in performing any governmental function for the City or Commonwealth." Ms. Dailey argues the First Judicial District is part of the Commonwealth's unified judicial system, not the City, and the Code's definition section expressly excludes the courts from the term "agency." Ms. Dailey makes the same argument in her federal action before us. The City disputes this reading, contending the term "agency" is used twice in subsection (.4) and the second use is modified by the phrase "performing any governmental function for the City or Commonwealth" like the First Judicial District.

---

[11] *Id.* at 132 (quoting *Harrison v. NAACP*, 360 U.S. 167, 178 (1959)). For these reasons, we are not persuaded by Ms. Dailey's argument we should lift the stay because she will discontinue her appeal to the Commonwealth Court if we arrive at a decision before it does.

Leaving interpretation of the Retirement Code to the Commonwealth Court, we continue to abstain under *Pullman*. Any error in our construction of the Retirement Code would disrupt important state policies - namely the administration of the City's retirement system – and meets the third factor for *Pullman* abstention.

Equitable considerations do not change our decision. Our discretion to invoke *Pullman* abstention is informed by equitable considerations including "the availability of an adequate state remedy, the length of time the litigation has been pending, and the potential impact on the parties caused by delay in obtaining a state ruling."[12] While we understand Ms. Dailey's action here has been in suspense for over a year pending resolution by Pennsylvania's courts, the delay alone does not outweigh the problems in our interpretation of ambiguous sections of the Retirement Code as applied to Ms. Dailey absent ruling of the Commonwealth Court.[13]

Ms. Dailey's *England* reservation does not, as she suggests, dictate a different result. In *England*, the Supreme Court held "when a federal court abstains from deciding a federal constitutional issue to enable the state courts to address an antecedent state-law issue, the plaintiff may reserve his right to return to federal court for the disposition of his federal claims."[14] There is no question Ms. Dailey may return to this Court for adjudication of her federal claims. But this does not vitiate the bases for abstention pending a determination from

---

[12] *Stretton v. Disciplinary Bd. of Supreme Court of Pa.*, 944 F.2d 137, 140 (3d Cir. 1991).

[13] The cases cited by Ms. Dailey do not support her argument. In *Lindenbaum v. Phila.*, 584 F.Supp. 1190 (E.D. Pa. 1984), the court found delay caused by its abstention "will not greatly prejudice the parties," finding "[t]his is not a situation in which the plaintiffs are in immediate jeopardy, . . . or in which plaintiffs are being denied those governmental benefits necessary to basic subsistence." *Id.* at 1200 n. 12 (citations omitted). *Stretton* is distinguishable because it involved an impending election. *Stretton*, 944 F.2d at 141. Similarly, *United Servs. Auto. Ass'n v. Muir*, 792 F.2d 356 (3d Cir. 1986) is distinguishable because it involved an insurer's challenge to the state insurance department's revocation of its license. *Id.* at 362-63.

[14] *R & J Holding Co. v. Redevelopment Auth. of Cnty. of Montgomery*, 670 F.3d 420, 428 (3d Cir. 2011) (quoting *San Remo Hotel v. City & Cnty. of S.F.*, 545 U.S. 323, 339 (2005)).

Pennsylvania's appellate courts on whether the Retirement Code applies to Ms. Dailey as an employee of the First Judicial District.

In deference to Pennsylvania courts, we continue to abstain in the hope the Pennsylvania courts will address the ambiguity in the application of the Retirement Code to Ms. Dailey. In light of the ongoing ambiguity in the state law underlying Ms. Dailey's federal constitutional claims, we find the continued application of *Pullman* abstention appropriate. We deny Ms. Dailey's motion to remove this matter from the Court's suspense docket, and this matter will remain on the suspense docket until a state appellate court resolves whether Code sections (.4) and (.5) may be applied to Ms. Dailey as an employee of the First Judicial District.

**KEARNEY, J.**